## Friend, Appellant, v. Kramer.

*Negligence—Dentist—Malpractice—Evidence—Nonsuit.*

In an action against a dentist to recover damages for physical injuries, where the plaintiff avers in her statement of claim that the defendant in extracting a root of a tooth had fractured her jaw, and that by the use of unclean instruments had introduced poisonous germs into her jaw, a nonsuit was properly entered where the plaintiff produces no evidence that her jaw had in fact been fractured, and it appears from the testimony of the expert witnesses called by herself that she was not in her normal state of health at the time the defendant treated her; that her vitality had been weakened from a recent attack of typhoid fever; that her jaw at the time was not healthy and sound; and that the infection of which she complained might have come from the air, from drinking water, from food taken into the mouth, or from some other decayed tooth in her mouth.

Argued May 10, 1912.  Appeal, No. 179, Jan. T., 1912, by plaintiff, from order of C. P. Fayette Co., March T., 1911, No. 100, refusing to take off nonsuit in case of Mary E. Friend v. Arthur Raymond Kramer.  Before FELL, C. J., MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ.  Affirmed.

Trespass to recover damages for personal injuries. Before UMBEL, P. J.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was in refusing to take off nonsuit.

*H. S. Dumbauld,* with him *Robinson & McKean,* for appellant.—One suing for a personal injury negligently inflicted is not bound to exclude the possibility that the accident might have happened in some other way than alleged, but is required only to satisfy the jury by a fair preponderance of the evidence that it occurred in the manner in which he claimed it did: Woodall v. Ry. Co., 192 Mass. 308 (78 N. E. Repr. 446); Boucher v. La Rochelle, 74 N. H. 433 (68 Atl. Repr. 870); Beauchamp v. Saginaw Mining Co., 50 Mich. 162 (15 N. W. Repr. 65); Hoehle v. Heating Co., 5 Pa. Superior Ct. 21; Davies v. McKnight, 146 Pa. 610; Guskavan v. Traction Co., 203 Pa. 521; Brashear v. Traction Co., 180 Pa. 392; McCafferty v. R. R. Co., 193 Pa. 339; Lenahan v. Mining Co., 225 Pa. 218.

*R. P. Kennedy,* with him *George Patterson,* for appellee.—The burden at all time is upon the plaintiff to show by the weight of the evidence that the defendant failed to treat her with reasonable and ordinary professional skill: English v. Free, 205 Pa. 624; Wohlert v. Seibert, 23 Pa. Superior Ct. 213; McClain v. Henderson, 187 Pa. 283; Salerno v. Ry. Co., 46 Pa. Superior Ct. 243; Price v. R. R. Co., 202 Pa. 176; Ewing v. Goode, 78 Fed. Repr. 442.

OPINION BY MR. JUSTICE MOSCHZISKER, May 22, 1912:
The plaintiff sued in trespass to recover damages for physical injuries suffered by her through the alleged negligence of the defendant, a practicing dentist. She averred that the defendant "negligently and unskil-

fully" injected cocaine into her "gum or jaw" and applied to one of her teeth "a pair of powerful forceps which had not been properly cleansed, and extracted said root or tooth, or a part thereof, applying such force as to fracture the plaintiff's jaw-bone in so doing"; and that "by the use of the unclean instruments aforesaid, her jaw was affected by poisonous germs." The court below nonsuited the plaintiff, and the error assigned is the refusal to take off the nonsuit.

The plaintiff showed that after her tooth had been extracted by the defendant she had been taken ill and obliged to spend some time in a hospital, and that she had suffered great pain in the part of the jaw from which the tooth had been removed; but she did not prove that there had been negligence or unskilfullness in administering the cocaine or that her jaw-bone had been fractured. While she claimed that she did not see the defendant cleanse or sterilize his instruments, it is exceedingly doubtful from the testimony whether she was in a position to know whether or not this had been done; but assuming that there was sufficient to take that particular point to the jury, the weakness of the plaintiff's case lies in the fact that she did not show with any degree of certainty that the direful results attributed by her to the use of the alleged unclean instruments came from that cause. The hypothetical question propounded to the expert witnesses, the answers to which were depended upon by the plaintiff to make out her case, stated that she was "in a normal state of health, that her jaw was healthy and sound and not affected or diseased at the time she visited the defendant's office." Counsel for the defendant objected that the question assumed facts not shown, and in overruling the objection the trial judge stated that unless more proof was produced later on, the testimony would not avail the plaintiff. In the opinion filed by the court below it is said, "We allowed the witness to answer indicating at the time that we thought there was merit in the ob-

jection, and that the answer would not avail the plaintiff unless other and further proofs were submitted on some of the assumed propositions; having in mind particularly the assumption that plaintiff's 'jaw was healthy and sound and not infected or diseased, and that she was in a normal state of health.'...... Therefore, instead of the proof in point inuring to the benefit of the plaintiff, it bore in the opposite direction. On cross-examination Dr. Allen says that if there were a dead root of a tooth in the mouth of the plaintiff and that if some time before she went to the defendant she had a decayed tooth partly pulled, leaving the root of that tooth in the alveolar process that the teeth are imbedded in, you would expect that root to make trouble and that the gum might become infected after it was lacerated by the pulling of the tooth just where it could not be dressed or properly treated. He says it could become infected from the air, from drinking water or from food taken into the mouth, that it would be possible for other decayed teeth in the mouth to contribute a germ or help along the condition. He further says the defendant might have treated the plaintiff to the highest standard of professional dentistry, leaving a lacerated gum from pulling the root, and yet the jaw become infected with a germ or germs after he had done all he could for her." The testimony of the other experts was substantially the same as that given by Dr. Allen. The hypothetical question put to each of them was not a fair presentation of the actual facts concerning the plaintiff's state of health; it appears in the evidence that her vitality was much weakened from a recent attack of typhoid fever with complications and that her jaw was far from "healthy and sound," for she herself testified that at the time of the operation by the defendant her teeth were in such a state that she wanted to get false ones, and that the particular tooth extracted had been broken off by another dentist, "was decayed a little in the middle, ......had grown over" and hurt her when she "was

eating something and would bite on it." With the testimony in this condition, the conclusion that the plaintiff's illness was properly ascribable to the alleged negligence of the defendant would have been a mere guess and not a finding based on evidence which, on the theory of reasonable probability, would lead the mind naturally to the conclusion contended for by the plaintiff. Under these circumstances the court below committed no error in entering the nonsuit.

The assignments are overruled and the judgment is affirmed.